# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

900 BROADWAY, et al.,       )
       )
       Plaintiffs,       )
       )
v.       )
       )   No. 4:20-cv-00461-NKL
ALTOSGROUPS & DAVID INGRAM,       )
       )
       Defendants.       )

## ORDER

Plaintiffs, a group of developers and individuals, filed this lawsuit against Defendants Altosgroups and David Ingram alleging breach of contract and tort claims pertaining to the financing of Plaintiffs' Hotel Project. Doc. 1. The Court previously granted Plaintiffs' motion for default judgment and deferred a damages determination. Doc. 11. Now pending before the Court is Plaintiffs' supplemental motion for default judgment, in which Plaintiffs ask the Court to award damages. Doc. 16. Because Plaintiffs have proven their damages to a reasonable degree of certainty, the supplemental motion for default judgment is granted.

## I.  Background

Plaintiffs are various development companies and individuals.[1] They entered into a financing agreement with Defendants Altos and Ingram in which Defendants agreed to provide funding for Plaintiffs' Hotel Project. The contract was worth approximately $24 million. Doc. 16-2. After construction began on the project, Defendants failed to provide funding. Plaintiffs

---

[1] Plaintiffs divide themselves into two groups: "Developers" who are three Colorado limited liability companies involved as developers of the Hotel Project (900 Broadway, Remsk, and Oak Holdings); and "Plaintiffs" who are Developers as well as additional companies and individuals who hold interests in the Hotel Project. Doc. 1, p. 1-2.

brought suit for breach of contract, fraud, negligent misrepresentation and conversion, and sought monetary and injunctive relief. Doc. 1. Defendants failed to respond to the lawsuit, and the Court entered default judgment against Defendants. Doc. 11.

In the Order granting Plaintiffs' motion for default judgment, the Court found in favor of Plaintiffs on their claims for injunctive relief, and the Court granted immediate relief. Doc. 11. The Court also found in favor of Plaintiffs on their claims for breach of contract, fraud, negligent misrepresentation, and conversion for which Plaintiffs sought deferred monetary relief. Doc. 10. Plaintiffs represented to the Court that they actively sought alternative financing for the Hotel Project and until such financing was determined, Plaintiffs' damages stemming from the claims remained uncertain. Doc. 10-3, ¶¶ 4, 6-7. Considering this uncertainty, the Court deferred determination of monetary relief. *Yoak*, 2013 WL 5775927, at *1-3 (E.D. Mo. Oct. 25, 2013) (entering default judgment on the moving party's claims, entering an injunction, and retaining jurisdiction on the issue of damages until the moving party could collect sufficient evidence to quantify its damages). The Court similarly deferred determination of attorneys' fees and costs. *Id.* The Court ordered Plaintiffs to provide a status report within sixty days. The Court held that the case would remain open for ninety days, and instructed Plaintiffs to file a supplemental motion for the determination of damages, including attorneys' fees, within that time. *Id.*

Plaintiffs filed the status report on November 9, 2020 and represented that their search for alternative financing was ongoing. Doc. 14. On December 8, Plaintiffs filed the supplemental motion for default judgment, stating they were unable to find alternative financing and submitting a request for damages, including attorneys' fees, based on that information. Doc. 16. During a phone conference on January 25, 2021 Plaintiffs acknowledged that ongoing efforts

2

exist to find alternative financing and complete the Hotel Project.  Doc. 19.  The record at this point is that no such funding exists, and the Court proceeds on that information.

## II.     Discussion

"It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly."  *Pope v. United States*, 323 U.S. 1, 12 (1944).  "When default judgment is entered on a claim for an indefinite or uncertain amount of damages, facts alleged in the complaint are taken as true, except facts relating to the amount of damages, which must be proved in a supplemental hearing or proceeding."  *Am. Red. Cross v. Cmty. Blood Ctr.*, 257 F.3d 859, 864 (8th Cir. 2001) (quoting *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001) (internal quotation marks omitted)).

### A.  Damages

Plaintiffs must prove their damages "to a reasonable degree of certainty."  *See Everyday Learning*, 242 F.3d at 818.  Damages may be proven by a sworn affidavit and supporting documentation.  *SSM Managed Care Org., LLC v. Comprehensive Behavioral Care, Inc.*, 2014 WL 1389581, at *2-4 (E.D. Mo. Apr. 9, 2014) (relying on affidavits of movant's attorney and executive officer, column-by-column explanations, and the underlying contractual agreements as sufficient to establish attorneys' fees and costs, and damages from breach of contract, respectively); *Quality Carriers, Inc. v. Randolph*, 2007 WL 2027281, at *1 (N.D.N.Y. July 9, 2007) (holding that "the court may rely on detailed affidavits and documentary evidence to fix damages after a default judgment has been entered").

3

In support of their supplemental motion, Plaintiffs filed the affidavit of Scott Pederson.

Doc. 16-1.  Mr. Pederson is a plaintiff in this action, who has thirty years of experience in the

real estate development business.  *Id.* at 1.  Included with Mr. Pederson's affidavit is a

spreadsheet containing the categories of damages sought, their respective values, and supporting

documentation.  *Id.* at 9.  Two calculation tabs are also included, entitled "PACE Interest

Calculation Tab" and "Default Construction Interest Calculation Tab."  *Id.* at 10-11.  Plaintiffs

also filed additional evidence as described below.  Docs. 20-1, 20-2, 20-3.

Plaintiffs ask the Court to award $14,845,565.31 in damages.  Docs. 16, 16-1.  First,

Plaintiffs seek damages representing charges under the construction contract with R.G.

Brinkman Company.  Doc. 16-1, p. 2.  These damages include pay for work completed, delay

costs incurred after the contractor exercised its right to suspend performance, costs to protect and

preserve the project over the winter, and default interest available to the contractor.  As

evidentiary support, Plaintiffs filed the Brinkman contract which includes these figures, and Mr.

Pederson included a tab calculating the default interest.  Docs. 20-1; 16-1.

Plaintiffs next seek damages for a development fee "in connection with the development

of the Hotel Project under the various project documents that has not been paid because of the

termination of the Hotel Project."  Doc. 16-1, p. 3.  As evidentiary support, Plaintiffs filed a copy

of the project's budget, which includes the development fee figure.  Doc. 20-2.

The next two categories of damages represent default interest and fees in connection with

additional financing provided by the PACE lender.  Doc. 16-1, pp. 3-4.  The first is PACE

interest, based on the PACE loan agreement, and the second is PACE fees, based on an estimate

of additional PACE fees.  Additionally, Plaintiffs seek damages from the Sii Contract, an entity

which provides "contract controls, budget forecasting, and owner's representation services."

4

Doc. 16-1, p. 4. Plaintiffs also seek damages for the builders risk policy, construction camera, construction loan origination fees, perm loan origination fees, and additional warehousing fee. *Id.* at 9. In support of these damages, Plaintiffs submitted Mr. Pederson's affidavit which includes all of the above figures and explanations as to each figure. Doc. 16-1.

Next, Plaintiffs seek damages for the projected loss of net revenue for the first three years of operation of the hotel. Doc. 16-1, pp. 4, 9. In support of this figure, Plaintiffs include an exhibit of projected expenses and revenue for the hotel based on similar hotels in similar locations. *Id.* at 13. Mr. Pederson's affidavit states the projections are "reasonable and accurate based on my personal experience in the development industry." *Id.* at 5.

The final category of damages is loss of goodwill, which Mr. Pederson estimates equals three million dollars. Doc. 16-1, p. 5. The calculation is "based on the established Hyatt brands and Hyatt operating histories, the completion of the Hotel Project would have reasonably generated a market value worth substantially in excess of the costs of the Project, which I reasonable [sic] estimate at not less than $3,000,000." Doc. 16-1, p. 5.

For all of the above damages categories, the Court finds Plaintiffs satisfied the reasonable degree of certainty standard because the damages calculations are supported by Mr. Pederson's experience and affidavit, detailed projections, the Brinkman contract, and project budget. *Everyday Learning*, 242 F.3d at 819 (holding that the moving party must prove damages "to a reasonable degree of certainty"); *Quality Carriers*, 2007 WL 2027281, at *1 (relying on affidavits and other evidence to prove damages).

**B. Attorneys' Fees**

As to attorneys' fees and costs, Plaintiffs seek $15,150.00 for Blockwick Eisenstein Krahenbuhl, LLC, and $396,831.50 for Polsinelli PC (including costs of $1,751.50). In total,

Plaintiffs seek $411,981.50 in attorneys' fees.  Doc. 16-1, p. 6.  Under Missouri law, litigants

generally bear their own litigation expenses, subject to "three principal exceptions," one of

which is "recovery pursuant to a contract or by statute[.]"  *Monarch Fire Prot. Dist. of St. Louis

Cty. v. Freedom Consulting & Auditing Servs., Inc.*, 678 F.Supp.2d 927, 938-39 (E.D. Mo.

2009), *aff'd*, 644 F.3d 633 (8th Cir. 2011) (citation omitted).  Under this exception, "[courts

lack] discretion in deciding whether to award attorneys' fees once it is determined that a breach

occurred and that the contractual provision awarding fees applies."  *Id.* (citing *Howe v. ALD

Servs., Inc.*, 941 S.W.2d 645, 652 (Mo.Ct.App. 1997)).  The Construction Loan Agreement

signed by the parties includes an "Attorney Fees" provision.  It states, "[i]n the event of actions

to interpret or enforce the provisions of this Agreement, the prevailing party shall be reimbursed

its reasonable attorney's fees by Borrower or Lender as applicable.  Such fees shall be

immediately due and payable."  Doc. 16-2, pp. 25-26.  Because Plaintiffs are the prevailing

party, they are entitled to reasonable attorneys' fees.  *Monarch Fire*, 678 F.Supp.2d at 938-39.

     The Court has substantial discretion when determining the reasonableness of attorneys'

fees.  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Jarrett v. ERC Props., Inc.*, 211 F.3d

1078, 1085 (8th Cir. 2000).  The usual method of calculating reasonable attorneys' fees is to

multiply the hours reasonably expended by a reasonable hourly fee, producing the "lodestar"

amount.  *McClelland v. Life Ins. Co. of N. America*, 679 F.3d 755, 762 (8th Cir. 2012); *Fish v. St.

Cloud State University*, 295 F.3d 849, 851 (8th Cir. 2002).  When determining reasonable hourly

rates, district courts may rely on their own experience and knowledge of prevailing market rates.

*Bryant v. Jeffrey Sand Co.*, 919 F.3d 520, 529 (8th Cir. 2019).

     Several attorneys worked on this case, billing between $285 and $640 per hour depending

on their experience.  Doc. 20-3, p. 2.  As to the rates, the Court finds they are reasonable, based

on the Court's experience and knowledge of the market. *Bryant*, 919 F.3d at 529; *see Bellingham v. Bancinsure, Inc.*, 2016 WL 3951068, at *2 (D. Minn. July 19, 2016) (finding rates of $550, $335, and $270 per hour to be reasonable "[i]n light of the Court's familiarity with the relevant market and the relative experience of the attorneys at issue").

As to the number of hours, the Eighth Circuit directs district courts to consider the following factors, among others, when determining the reasonableness of hours expended: the time and labor required, the novelty and difficulty of the questions, and the skill requisite to perform the legal service properly. *Allen v. Tobacco Superstore, Inc.*, 475 F.3d 931, 944 n.3 (8th Cir. 2007). Plaintiffs' counsel claims they have expended 872 hours total, ranging from fewer than ten to almost two hundred hours per attorney. Doc. 20-3. For example, a shareholder charging $640 per hour billed 194.7 hours. However, the summary does not describe what tasks were completed during the hours worked. *Id.* Despite the Court's request for documentation supporting the request for attorney's fees, the summary provided is skeletal. Doc. 20-3. Plaintiffs' counsel attempted to enforce the contract prior to commencing the lawsuit, which could include any variety of tasks, none of which are listed or otherwise explained in Plaintiffs' summary. Doc. 20-3. As to the litigation, Plaintiffs' counsel drafted and filed the complaint, motion for default judgment, status report and supplemental motion for default judgment, and appeared at a single telephone conference. Given the record, the Court does not have adequate documentation to support the 872 hours requested by Plaintiffs.

Accordingly, the Court finds 872 hours is unreasonable. Based on the Court's experience and without further information from Plaintiffs, the Court will reduce the fees to one-third of the requested amount and award $135,375. *Hensley*, 461 U.S. at 437-38 (considering a percentage reduction for inadequate documentation); *Miller v. Woodharbor Molding & Millworks, Inc.*, 174

7

F.3d 948, 949-50 (8th Cir. 1999) (per curiam) (remanding to district court to request more detail or apply percentage reduction based on vague billing entries); *American Modern Home Ins. Co. v. Thomas*, 2019 WL 3976355, at \*5 (E.D. Mo. Aug. 22, 2019) (applying a percentage reduction for inadequate documentation that hindered the court's ability to conduct a meaningful review). The Court will also award costs of $1,751.50.

### III.     Conclusion

Because Plaintiffs have proven their damages to a reasonable degree of certainty their supplemental motion for default judgment, Doc. 16, is granted.

It is hereby ordered that Defendants AltosGroups LLC and David L. Ingram shall pay to Plaintiffs $14,845,565.31 in damages, $135,375.00 in attorney's fees, and $1,751.50 in costs. It is further ordered that the Clerk's Office is directed to serve a copy of the Memorandum and Order on Defendants at their addresses of service. A separate Default Judgement including this monetary judgment shall accompany this Memorandum and Order. The judgment shall be entered jointly and severally against Defendants AltosGroups LLC and David L. Ingram.


/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: February 22, 2021
Jefferson City, Missouri